## H. D. FRISBEE v. JNO. T. WALL, &c.

**Trespass—Damages—Possession as a Trespass.**

Where a railroad company claimed land in controversy, as a part of its depot grounds, and under such claim was actually, at the time the fence was erected, applying the grounds to the general uses and purposes of a depot, this in law amounted to such a possession as would prevent a recovery for trespass.

APPEAL FROM HARRISON CIRCUIT COURT.

January 24, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The verdict for four hundred dollars in damages for the trifling trespass complained of, is so excessive as to make it

appear that the jury were influenced by passion or prejudice. The remission of all the damages except twenty-five dollars did not authorize the court to refuse the motion for a new trial.

Had the jury been free from the influence of passion or prejudice, the verdict might possibly have been in favor of appellant.

In any event appellant is entitled to have a verdict from an impartial and unprejudiced jury. Instruction No. 3 asked for by appellant is not so carefully worded as it might have been, but the principle of law embodied in it, is correct.

If appellant had the actual possession of the land in controversy, he could not have been guilty of trespass in removing the fence. Possession of real estate is a mixed question of law and fact. Appellant had the right to ask the court to define what, in law, constituted actual possession of land, a portion of which was unenclosed.

If the railroad company claimed the land in controversy as part of its depot grounds, and under such claim was at the time the fence was erected, actually applying it to all the uses and purposes to which depot grounds are usually applied, this in law amounted to such a possession as would prevent a recovery in this action, and the jury should have been so instructed.

Instruction No. 4 was properly refused. It attaches too much importance to the construction of the road to the entrance of the cattle pen.

For the reasons pointed out the judgment is reversed and the cause remanded for a new trial.

*W. W. Trimble, A. H. Ward, for appellant.*
*J. S. Boyd, W. S. Wall, for appellees.*